ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LUNA-GRIJALVA,<br><br>        Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA<br><br>        Respondent. | Cr. No.  06-1491GT<br>Cv. No.  07-0700GT<br><br>**ORDER** |

On April 17, 2007, Petitioner, Eric Luna-Grijalva ("Mr. Luna"), filed a Motion to Modify Sentence, presumably pursuant to 28 U.S.C. § 2255. Mr. Luna requests a two level downward departure based on his status as a deportable alien, which Mr. Luna asserts "should have been considered as a mitigating factor" at his sentencing. The Court has fully considered this matter, including a review of Mr. Luna's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Luna's Motion to Modify Sentence is **DENIED**.

//

//

First, Mr. Luna pled guilty, pursuant to a written plea agreement, to one count of illegal entry by an alien, in violation of 8 U.S.C. § 1326. In the written plea agreement, Mr. Luna explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Luna expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Luna is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Luna had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Luna argues that because of his status as a deportable alien, he is "ineligible[] for pre-release custody and minimum security confinement." Mr. Luna argues that the Court should grant him a two level downward departure because of his status. However, Mr. Luna's argument that the Court should depart downward because he is a deportable alien is precluded by statute and current Ninth Circuit case law. By statute, the Court may depart downward only if there are "aggravating or mitigating circumstances . . . not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b).   Specifically, the Ninth Circuit has held that the threat of deportation is <u>not</u> a factor that the district court may consider for sentencing purposes. United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).[1] Accordingly,

//
//
//
//

---

[1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Limon, was not entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as a deportable alien he is not eligible to spend the last six months of his sentence in a half way house pursuant to 18 U.S.C. § 3624(c). *See* United States v. Zepeda-Valles, 87 F.3d 1325 (9th Cir. 1996).

CR

**IT IS ORDERED** that Mr. Luna's Motion to Modify Sentence is **DENIED.**

**IT IS SO ORDERED.**

Oct. 9, 2007
date

GORDON THOMPSON, JR.
United States District Judge

cc:  AUSA Bruce Castetter        Petitioner